**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4234**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY ANDERSON,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:05-cr-00179-CMC)

───────────

Submitted:  October 31, 2007        Decided:  December 11, 2007

───────────

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Johnny E. Watson, Sr., WATSON LAW FIRM, Columbia, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Robert C. Jendron, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Anderson was convicted by a jury of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1); 924(a)(2), (e) (2000). Anderson was sentenced to 235 months' imprisonment. Finding no error, we affirm.

On appeal, Anderson first contends that the district court erred in denying his motion for a mistrial. We review the grant or denial of a motion for mistrial for abuse of discretion. United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989); see also United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997) (disturbing a district court's ruling "only under the most extraordinary of circumstances"). "A defendant must show prejudice in order for the court's ruling to constitute an abuse of discretion, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions." West, 877 F.2d at 288.

During a pre-trial hearing, the Government agreed that its witnesses would not refer to the area in which Anderson was discovered as a "high crime" or "problem" area. However, despite this agreement, the Government's first witness characterized the area as "high crime." Anderson objected to the characterization and moved for a mistrial. The court responded: "Ladies and gentlemen, I'm going to strike that testimony. It is not relevant to this case at all whether or not this was a high crime area, and you should not consider that in any manner in deciding the facts in this case."

- 2 -

The issue was revisited after the witness left the stand, and the court once again denied Anderson's motion.

The witness' statement was an isolated remark made during the course of the trial. Even if the remark could be said to have prejudiced Anderson by misleading the jury or diverting its attention, such prejudice was minimal when compared to the compelling evidence introduced at trial to establish Anderson's guilt. Furthermore, any prejudice suffered by Anderson was cured by the district court's limiting instruction given immediately after Anderson's objection. See United States v. Francisco, 35 F.3d 116, 119-20 (4th Cir. 1994) (per curiam) (stating this court generally follows the presumption that the jury obeyed the district court's instructions).

Relying on United States v. Lopez, 514 U.S. 549 (1995), Anderson next contends that 18 U.S.C. § 922(g)(1) is unconstitutional because it lacks a proper nexus to interstate commerce. However, we have previously considered and rejected a similar challenge in United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996). In Wells, this court determined that "[u]nlike the statute at issue in Lopez, § 922(g) expressly requires the Government to prove the firearm was shipped or transported in interstate or foreign commerce; was possessed in or affected commerce; or was received after having been shipped or transported in interstate or foreign commerce." Wells, 98 F.3d at 811 (internal quotation marks omitted). Thus, "[t]he existence of this

jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g), distinguishes <u>Lopez</u> and satisfies the minimal nexus required for the Commerce Clause." <u>Id.</u>

Anderson also contends that the district court erred in admitting the firearm into evidence without the Government establishing a complete chain of custody. He vaguely asserts that there "were times" when the firearm was "handled" and not documented. We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. <u>United States v. Lancaster</u>, 96 F.3d 734, 744 (4th Cir. 1996). "Rule 901(a) of the Federal Rules of Evidence requires that a party introducing evidence establish the authenticity of its evidence by demonstrating that the matter in question is what its proponent claims." <u>United States v. Jones</u>, 356 F.3d 529, 535 (4th Cir. 2004) (internal quotation marks omitted). Thus, the government must demonstrate a sufficient chain of custody for the evidence. <u>Id.</u> To do so, the government must "establish that the item to be introduced . . . is what it purports to be . . . so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." <u>United States v. Howard-Arias</u>, 679 F.2d 363, 366 (4th Cir. 1982).

At trial, Deputy Thomas Hamilton testified that he observed a firearm fall out of Anderson's waistband during his pursuit of Anderson. Deputy Hamilton promptly retrieved the firearm

after taking Anderson into custody, and placed it into evidence at the Lexington County Sheriff's Department. The firearm's serial number was recorded in the evidence log. Prior to its admission at trial, Deputy Hamilton testified without ambiguity that Government's Exhibit 16 was the same firearm he retrieved on the date in question and confirmed that the firearm contained the same serial number as that recorded in the evidence log. Thus, we conclude the district court did not abuse its discretion in admitting the firearm into evidence.

Next, Anderson contends the district court improperly refused to define reasonable doubt for the jury. The decision whether or not to give a jury instruction as well as the content of that instruction are reviewed for an abuse of discretion. United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). "The trial court is not required to define reasonable doubt as a matter of course so long as the jury is instructed that a defendant's guilt must be proven beyond a reasonable doubt . . . ." United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998). This court neither requires nor encourages trial courts to define reasonable doubt, even upon request. Id. Therefore, because the jury was properly instructed on the Government's burden of proof, we conclude the district court did not abuse its discretion in refusing to further define the term reasonable doubt.

Anderson also contends that his counsel provided ineffective assistance by failing to call additional defense

witnesses to corroborate his girlfriend's testimony. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish that counsel was ineffective, Anderson's claim is not cognizable on direct appeal.

Finally, Anderson contends Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), require not only that the predicate convictions used for Armed Career Criminal Act ("ACCA") enhancement purposes be alleged in the indictment, but also found by a jury beyond a reasonable doubt. Anderson's argument, however, is foreclosed by United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005), in which we held prior convictions used as a basis for enhancement under the ACCA need not be charged in the indictment nor proven beyond a reasonable doubt.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED